UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STERLING R. RIVERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:12-0538 |
| v. | ) | Judge Sharp/Bryant |
| | ) | **Jury Demand** |
| EDWARD KARPELLS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Defendants Allen, Compton, Denton, Frawley, Gentry, Henson, Steely, Warren, Weikal, White, Wright, and the Metropolitan Government have filed their motion to dismiss the claims against them based upon Plaintiff's failure to exhaust administrative remedies, failure to state a claim upon which relief can be granted, and qualified immunity (Docket Entry No. 74). Plaintiff Rivers has not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion be granted and the complaint against them dismissed.

### STATEMENT OF THE CASE

Plaintiff Sterling Rivers, a prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action alleging that the individual Defendants and their employer, Davidson County Sheriff's Office ("DCSO"), have violated his constitutional rights

in multiple ways while he was confined in the custody of the DCSO in Nashville, Tennessee.

Defendants have filed this motion to dismiss.

**SUMMARY OF PERTINENT ALLEGATIONS IN THE COMPLAINT**

In his 70-page complaint (Docket Entries Nos. 1 and 1-1), Plaintiff Rivers alleges a multitude of wrongful acts by Defendant from December 2011 through April 2012, including but not limited to, use of excessive force against him on December 17, 2011, and April 21, 2012. The factual allegations in the complaint have previously been summarized by the Court (Docket Entry No. 15 at 1-4).

**STANDARD OF REVIEW**

Although Defendants have entitled their motion as a motion to dismiss, they have filed matters outside the pleadings in the declaration of Tom Davis (Docket Entry No. 76). Therefore, as provided in Rule 12(d) of the Federal Rules of Civil Procedure, Defendants' motion must be treated as a motion for summary judgment under Rule 56.

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met.

*See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

The moving Defendants argue that the claims against them must be dismissed based upon several different defenses. First,

Defendants state that many of Plaintiff Rivers's claims are subject to dismissal for his failure to exhaust administrative remedies. The Supreme Court has held that no unexhausted claim by a prisoner may be considered by the courts, and that proper exhaustion of a claim requires that prisoners must complete the administrative review process in accordance with the applicable procedural rules defined by the prison grievance process. *Jones v. Bock*, 549 U.S. 199, 218-20 (2007); *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). According to DCSO policy number 1-3.540, a prisoner's complaint about a specific incident must be grieved within seven days of the incident, and complaints about policies or practices must be filed within seven days of the most recent time the inmate was affected (Docket Entry No. 76-1 at 2). If the prisoner is dissatisfied with the grievance response, he may appeal it within five working days to the facility administrator or appropriate chief (*Id*. at 4). If the inmate introduces new grievances within an appeal, the appeal authority may choose to answer only issues which appeared in the initial grievance (Docket Entry No. 76-2).

The April 21, 2012, excessive force incident. Plaintiff claims that on April 21, 2012, Defendants Allen, Frawley, Henson and Wright used excessive force against Plaintiff after he refused to allow Frawley to pat him down (Docket Entry No. 1-1 at 17-20). Plaintiff Rivers filed a grievance over this incident, which was found to be unsustained on May 7, 2012 (Docket Entry No. 76 at 2).

4

Plaintiff Rivers never appealed the findings of this grievance (*Id*.). Therefore, Plaintiff has not properly exhausted his administrative claims under the Prison Litigation Reform Act. Accordingly, this claim must be dismissed against Defendants Allen, Frawley, Henson and Wright.

Plaintiff Rivers also alleges that Defendants Allen, Frawley, Henson and Wright falsified reports and falsely claimed that Plaintiff refused medical care after the April 21, 2012, incident (Docket Entry No. 1-1 at 20). However, Plaintiff Rivers never filed a grievance related to a claim that these Defendants falsified reports or falsified a claim that Plaintiff Rivers refused medical care (Docket Entry No. 76 at 2). Therefore, these claims have not been properly exhausted administratively and must be dismissed as well.

The complaint contains no additional allegations against Defendants Wright, Allen, and Henson, so they should be dismissed from this case.

Remaining claims against Defendant Frawley. Plaintiff Rivers claims that on January 5, 2012, Defendant Frawley threw away evidence of a leaf found in Rivers's food (Docket Entry No. 1-1 at 8). Plaintiff Rivers never filed a grievance against Defendant Frawley or anyone else regarding a leaf found in his food (Docket Entry No. 76 at 2). Since Plaintiff Rivers failed to exhaust his

administrative remedies, he may not maintain a claim in this action for disposing of a leaf allegedly found in his food.

Plaintiff Rivers also alleges that on January 12, 2012, he reported to Defendant Frawley that another inmate had touched Rivers's buttocks twice. He also told Frawley that if it happened again "I will have to protect myself" (Docket Entry 1-1 at 13). Rivers claims that Frawley then wrote a disciplinary charge against Rivers for threatening the other inmate. On the following day, Rivers was interviewed by an Internal Affairs Investigator, who dismissed charges against Rivers. According to the complaint, Rivers told this investigator that he "was satisfied with being moved out of the same cell as the other inmate." (*Id*.) Rivers alleges that Frawley wrote him up in retaliation for Rivers's naming fellow officers in a civil rights complaint. (*Id*. at 13-14).

Rivers also claims that Frawley retaliated against him again on March 9, 2012, by writing him up on a disciplinary infraction after Rivers refused to leave his legal paperwork in his cell while he was being searched (Docket Entry No. 1-1 at 14-16). Rivers claims that he was given a verbal warning by Officer Hindsley but was not otherwise disciplined following this incident.

In order establish a First Amendment inmate retaliation claim, a plaintiff must show (1) that he was engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that

conduct; and (3) that the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The undersigned Magistrate Judge finds that Plaintiff's claims of retaliation against Defendant Frawley here fail to state a claim upon which relief can be granted because in both instances the adverse action taken against him would not deter a person of ordinary firmness in engaging in the subject conduct. Specifically, Rivers concedes that the disciplinary writeup in January 2012 was dismissed on the following morning by an Internal Affairs Investigator and that he was "satisfied" with being moved to another cell separate from the inmate that had allegedly touched his buttocks. Similarly, following the March 2012 writeup Rivers admits that he received a verbal warning and otherwise received no discipline at all. The undersigned finds that these two events are insufficient to state a constitutional claim against Defendant Frawley.

Since the complaint contains no other allegations of wrongdoing against Defendant Frawley, the undersigned finds that Defendant Frawley should be dismissed from this case.

<u>Claim against Defendant Gentry</u>. Plaintiff Rivers alleges that Defendant Gentry falsely imprisoned him by leaving him in the Special Management Unit for two extra days in early January 2012 (Docket Entry No. 1-1 at 7-8, 49). The complaint contains no other claim against Defendant Gentry.

7

The only grievance Plaintiff Rivers filed related to his confinement segregation was a misclassification grievance filed on February 12, 2012 (Docket Entry No. 76 at 2-3). This grievance was found to be unsustained on February 17, 2012, and Rivers did not file an appeal (*Id.*).

Since the record is clear that Plaintiff Rivers was released from confinement segregation on January 5, 2012, his grievance filed on February 12, 2012, is untimely under the DCSO grievance policy. In addition, Rivers's failure to appeal this grievance amounts to a failure to exhaust his administrative remedies. Accordingly, Plaintiff's claim against Defendant Gentry must be dismissed.

<u>Claims against Defendant Weikal</u>. Plaintiff Rivers alleges that Defendant Weikal, identified in the complaint as the Criminal Justice Center Administrator, "showed wanton by disregarding my complaint about a violation of the Constitution . . . ." (Docket Entry No. 1-1 at 31). Although most of Plaintiff's complaints directed to Defendant Weikal are largely conclusory, it appears that Plaintiff Rivers complains that Defendant Weikal failed to intervene in response to Plaintiff's grievances alleging that jail employees were violating DCSO policies. Rivers never filed a grievance against Defendant Weikal for matters raised in the complaint (Docket Entry No. 76 at 3). Therefore, the undersigned finds that Plaintiff Rivers has failed to exhaust his

8

administrative remedies regarding any claims against Defendant Weikal, and that Plaintiff therefore may not maintain those claims in this action.

<u>Claims against Defendant Denton</u>. Plaintiff Rivers alleges that on March 27, 2012, Defendant Denton refused to allow Plaintiff to see his case manager (Docket Entry No. 1-1 at 29-30). Plaintiff never filed a grievance against Defendant Denton based upon this allegation (Docket Entry No. 76 at 3). Therefore, this claim against Defendant Denton must be dismissed for failure to exhaust administrative remedies.

Plaintiff Rivers further claims that Defendant Denton wrote a "poor response" and performed an inadequate investigation of Plaintiff's grievance against Defendant Frawley (Docket Entry No. 1-1 at 23). Although Rivers did write a grievance against Defendant Frawley, he wrote no grievance against Defendant Denton concerning Denton's response to Plaintiff's grievance against Frawley, and only mentioned this in an improperly filed appeal of Plaintiff's grievance against Defendant Frawley (Docket Entry No. 76 at 3). Accordingly, Plaintiff Rivers has failed to exhaust his administrative remedies regarding Defendant Denton's handling of Plaintiff's grievance against Defendant Frawley, so such claims must be dismissed.

Plaintiff Rivers also alleges that Defendant Denton instructed him to write a grievance when Plaintiff Rivers

complained of finding contamination in his food (Docket Entry No. 1-1 at 38-39). Rivers claims that this instruction amounts to Denton's deliberate indifference to Rivers's complaint of contaminated food. However, Rivers never wrote a grievance against Defendant Denton for his alleged deliberate indifference to Rivers's complaint of his contaminated food (Docket Entry No. 76 at 3). Therefore, having failed to exhaust his administrative remedies against Defendant Denton regarding Denton's response to Rivers's complaint of contaminated food, Plaintiff Rivers cannot maintain that claim in this action.

The complaint contains no further allegations against Defendant. Therefore, the undersigned Magistrate Judge finds that Defendant Denton should be dismissed from this action.

<u>Claims against Defendant Steely</u>. Plaintiff Rivers claims that on January 27, 2012, Defendant Steely wrongfully denied him permission to go to the law library (Docket Entry No. 1-1 at 27). Plaintiff did file a grievance on February 2, 2012, relating to denial of permission to go to the law library (Docket Entry No. 76 at 4). This grievance was found to be unsustained on February 13, 2012, and Rivers filed a grievance appeal regarding law library issues on March 9, 2012 (*Id*.). To the extent that this appeal related to Plaintiff's grievance of February 2, 2012, the appeal was not timely filed because Rivers failed to file it within five working days of the February 13, 2012, response, as required by

DCSO grievance policy. Therefore, Plaintiff Rivers failed to exhaust administrative remedies regarding any claim against Defendant Steely based upon a denial of permission to go to the law library on January 27, 2012. This claim must therefore be dismissed. The undersigned finds that Defendant Steely, therefore, should be dismissed as a defendant in this action.

<u>Claims against Defendant Compton</u>. Plaintiff Rivers alleges that on March 8, 2012, Defendant Compton wrongfully required Plaintiff to choose between receiving an hour of out-of-cell time or going to the law library (Docket Entry No. 1-1 at 28). Plaintiff insists that he was entitled to both out-of-cell time and law library time and that Defendant Compton's action denied Plaintiff access to the courts (Docket Entry No. 1-1 28). Rivers also claims that on March 27, 2012, Defendant Compton wrongfully denied him permission to visit with his case manager (Docket Entry No. 1-1 at 29-30). However, Plaintiff Rivers did not file a grievance against Defendant Compton related to either of these incidents (Docket Entry No. 76 at 4). Therefore, claims against Defendant Compton arising from these two incidents must be dismissed for Plaintiff's failure to exhaust administrative remedies.

Plaintiff Rivers further alleges that on March 27, 2012, Defendant Compton wrongfully denied Rivers permission to go to the law library with another inmate (Docket Entry No. 1-1 at 29).

11

Rivers did file a grievance regarding this incident dated March 27, 2012. This grievance was found to be unsustained and Plaintiff Rivers never appealed the findings on this grievance (Docket Entry No. 76 at 4). Therefore, this claim against Defendant Compton must be dismissed for failure to exhaust administrative remedies.

Since the complaint contains no other claims against Defendant Compton, the undersigned finds that Defendant Compton should be dismissed as a defendant.

Claims against Defendant White. Plaintiff Rivers alleges that Defendant White laughed when Rivers complained of finding contamination in his food on March 11, 2012 (Docket Entry No. 1-1 at 37, 40-41). Rivers maintains that this behavior amounted to deliberate indifference by Defendant White concerning the condition of Plaintiff's food. Plaintiff Rivers never filed a grievance against Defendant White for laughing or being deliberately indifferent to contamination in Plaintiff's food (Docket Entry No. 76 at 4). Therefore, this claim has not been administratively exhausted by Plaintiff and must be dismissed. Since this is the only claim in the complaint against Defendant White, the undersigned finds that Defendant White must be dismissed from this action.

Claims against Defendant Warren. Plaintiff Rivers alleges that Defendant Warren wrongfully deprived him of 20 minutes of his scheduled one hour of out-of-cell time on March 21, 2012 (Docket

Entry No. 1-1 at 45), and that Warren later falsified the record to indicate that she had allowed Plaintiff out of his cell for the full hour (Docket Entry No. 1-1 at 45-46). Plaintiff Rivers did properly grieve his being denied adequate out-of-cell time by Defendant Warren, but he did not grieve her alleged falsification of time records (Docket Entry No. 76 at 5).

The Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Restrictions that are harsh, but not cruel and unusual under contemporary standards, are not unconstitutional. *Id*. at 347. A total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates the Eighth Amendment. Inmates require regular exercise to maintain reasonably good physical and psychological health. *Patterson v. Mintzes*, 717 F.2d 284 (6th Cir. 1983). While the Sixth Circuit thus acknowledges that a claim may exist for deprivation of recreational or exercise opportunities, the Sixth Circuit has not established a constitutional floor for required minimal out-of-cell time. *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995).

Here, Plaintiff Rivers alleges only a single isolated incident in which Defendant Warren deprived him of 20 minutes of his allotted one hour of out-of-cell time. In the absence of any

13

claims that such deprivation was a consistently recurring practice, the undersigned Magistrate Judge finds that this isolated occurrence is not sufficiently harsh or harmful to Plaintiff Rivers to implicate constitutional concerns.

In addition, the undersigned Magistrate Judge finds that Defendant Warren is entitled to qualified immunity with respect to this claim. In the absence of any clearly established law in the Sixth Circuit, a reasonable prison official would not have known that it was unconstitutional to deprive an inmate of 20 minutes of an allotted one hour of out-of-cell time on a single isolated occasion. *Rodgers*, 43 F.3d at 1088.

In the absence of any other claims against Defendant Warren, the undersigned Magistrate Judge, for the reasons stated above, finds that she should be dismissed as a defendant in this case.

<u>Claims against Defendant Metropolitan Government</u>. Defendant Rivers makes no specific allegations against the Metropolitan Government in this case. Presumably, Rivers would claim that the Metropolitan Government should be legally liable for the acts of its employees with respect to Plaintiff Rivers. However, a municipality cannot be held liable for wrongful conduct of its employees based upon a claim of *respondeat superior*. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). The complaint contains no allegations that any of the

alleged wrongs claimed by Plaintiff Rivers were the product of a policy of custom of the Metropolitan Government. For these reasons, the undersigned finds that the complaint fails to state a claim against the Metropolitan Government upon which relief can be granted.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to dismiss on behalf of Defendants Allen, Compton, Denton, Frawley, Gentry, Henson, Steely, Warren, Weikal, White, Wright, and the Metropolitan Government be deemed to be a motion for summary judgment under Rule 56 and that this motion be granted because there is no genuine issue of any material fact with respect to claims against these Defendants, and that the complaint against them be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 23rd day of February, 2015.

                                        /s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge