UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| STERLING R. RIVERS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 3:12-cv-0538 |
| v. | ) | Judge Sharp |
| | ) | |
| EDWARD KARPELLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Sterling Rivers, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint against twenty corrections officers and officials of the Davidson County Sheriff's Office ("DCSO"), named in both official and individual capacities, as well as the Metropolitan Government of Nashville and Davidson County.[1] Plaintiff alleges that Defendants violated his constitutional rights while he was in the custody of the DCSO Criminal Justice Center in Nashville, Tennessee. Before the Court are Defendants' two Motions for Sanctions of Dismissal (Dockets No. 70 & 90), Motion to Dismiss for Failure to State a Claim (Docket No. 74), and Motion to Suspend Scheduling Order (Docket No. 95).

Magistrate Judge Bryant issued a Report and Recommendation ("R & R") recommending that the first Motion for Sanctions of Dismissal be denied, noting "dismissal of a law suit is an extreme remedy and generally not favored" but urging that Plaintiff "be admonished again of the need to keep the Court informed of his current address." (Docket No. 72 at 2).

---

[1] Plaintiff's claim against Defendant Valerie McCullough, a case manager at the Criminal Justice Center, was dismissed prior to service of process, as the factual allegations set forth against in the Complaint were insufficient to support a cause of action against her. (Docket No. 15 at 7).

1

The Magistrate Judge issued an additional R & R regarding Defendants' Motion to Dismiss on February 23, 2014. (Docket No. 92). He reasoned that "[a]lthough Defendants have entitled their motion as a motion to dismiss, they have filed matters outside the pleadings" and therefore, under Federal Rule of Civil Procedure 12(d), "Defendants' motion must be treated as a motion for summary judgment under Rule 56." (Id. at 2). He recommended the Court grant Defendants' Motion because "there is no genuine issue of any material fact with respect to claims against these Defendants." (Id. at 15). Plaintiff has filed neither a response to Defendants' Motion to Dismiss, nor a written objection to either R & R within the fourteen-day deadline set by Rule 72(b)(2) of the Federal Rules of Civil Procedure.

The Court has conducted a *de novo* review of the record as required by Rule 72 and agrees with the recommendations of the Magistrate Judge, as set forth below.

## I. ANALYSIS

The Court's Memorandum Opinion of June 19, 2012 (Docket No. 15), sets forth the pertinent allegations in Plaintiff's 70-page Complaint, including the use of unnecessary force during unwarranted searches, assaults by corrections officers, contamination of Plaintiff's food, denial out-of-cell time and the opportunity to meet with a case manager, and general unresponsiveness to Plaintiff's grievances. (Docket No. 1-1).

The Court agrees that this motion is properly treated as one for summary judgment. See FED. R. CIV. P. 12(d). A party may obtain summary judgment if the evidence establishes there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Covington v. Knox Cnty. School Sys., 205 F.3d 912, 914 (6th Cir. 2000). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248

(1986). The Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in his or her favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the nonmoving party must rely on more than "[c]onclusory assertions, supported only by Plaintiff's own opinions." Arendale v. City of Memphis, 519 F.3d 587, 605 (6th Cir. 2008). Rather, Plaintiffs must "set out specific facts showing a genuine issue for trial." Harvey v. Campbell Cnty., Tenn., 453 Fed. Appx. 557, 561 (6th Cir. 2011).

The Prison Litigation Reform Act ("PLRA") "requires prisoners to exhaust prison grievance procedures before filing suit." Jones v. Bock, 549 U.S. 199, 202 (2007) (citing 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")). Exhaustion need not be "specially plead or demonstrate[d]" by a prisoner in their civil complaint, and instead operates as an affirmative defense. Jones, 549 U.S. at 216. The exhaustion requirement is, however, mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

As for the matter before the Court, DCSO policy number 1-3.540 states that an inmate's grievance "about specific incidents should be filed within seven days of the incident." (Docket No. 76-1 at 2). "Complaints about practices, policies, or conditions of confinement should be filed within seven days of the most recent time the inmate was affected." (Id.). An inmate may appeal an unsatisfactory grievance response within five working days of receiving the response. (Id. at 4).

Defendants include Plaintiff's failure to exhaust grievance procedures at DCSO as an affirmative defense in their Answer. (Docket No. 77 at 13). This assertion is supported by the declaration of the Records Manager for the DCSO, who catalogued Plaintiff's grievances from the date of his incarceration on November 10, 2011, through the filing of the Complaint on May 25, 2012. (Docket No. 76). As detailed in the R & R, for almost every allegation set forth in the Plaintiff's Complaint, Plaintiff failed to file a grievance or a timely appeal as mandated by DCSO procedure. (Docket No. 92 at 4-15).

As for the sole allegation for which Plaintiff appears to have properly exhausted the applicable grievance procedures, Defendant Corrections Officer Warren's alleged denial of twenty minutes of Plaintiff's one-hour out-of-cell time, the Court agrees with the Magistrate Judge that this "single isolated incident" is "not sufficiently harsh or harmful to Plaintiff … to implicate constitutional concerns." (Id. at 14). Thus, the Court concludes Defendant officials and corrections officers of DCSO are entitled to summary judgment.

The Court also agrees that, to the extent Plaintiff argues "the Metropolitan Government should be legally liable for the acts of its employees," this claim fails. (Id.) A municipality "cannot be held liable for wrongful conduct of its employees based on a claim of *respondeat superior*." (Id.) (citing Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658, 691 (1978)). For liability to attach, the municipality's policies must be "the moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal citations omitted). Plaintiff does not allege Defendants' misconduct was the result of a policy or practice of the Metropolitan Government. For this reason, insofar as Plaintiff's Complaint is directed at the Metropolitan Government of Nashville and Davidson County, these Defendants too are entitled to summary judgment.

## II. CONCLUSION

For the reasons set forth above, the Court rules as follows:

(1) Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 74) is treated as a motion for summary judgment and hereby GRANTED;

(2) The R & R (Docket No. 92) is hereby ACCEPTED and APPROVED;

(3) Any remaining motions (Docket Nos. 70, 72, 90 & 95) are hereby DENIED as MOOT.

The Clerk of the Court shall enter Final Judgment in a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE